[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15286
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00060-CR-1-LSC-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BEAU CHRISTOPHER MALLORY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 3, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Beau Christopher Mallory appeals his convictions for possession and receipt

of child pornography under 18 U.S.C. § 2252A(a)(5)(B) and (a)(2)(A). He argues

that the district court erred by denying his motion for a psychiatric exam and that the evidence was insufficient to support his conviction. After a thorough review of the record, we affirm.

## I. Background

In 2009, a federal grand jury indicted Mallory for knowingly possessing and receiving child pornography that had traveled in interstate commerce. Before trial, Mallory moved for a mental evaluation. After receiving reports on Mallory's mental health from probation officers, and questioning him directly, a magistrate judge denied Mallory's motion. Mallory did not file objections to this order in the district court.

At trial, Special Agent Thomas Witten—the government's only witness— testified that he found questionable content on Mallory's computer during an investigation of suspicious peer-to-peer computer networks. After executing a search warrant, Witten found child pornography on the hard drive of Mallory's computer. Although Witten admitted that there was no way to prove Mallory had viewed these images, he testified that Mallory was the only person with access to the files and that they had been downloaded between September 11, 2008 and October 14, 2008.

At the conclusion of the government's case, Mallory moved for a judgment of acquittal, which the district court denied. Mallory then testified on his own behalf, stating that he did not view all of the images on his computer and that he never knowingly viewed child pornography. On cross examination, Mallory explained that he did not believe images of 16-year-olds were child pornography and that a 14-year-old was not necessarily a child. Mallory conceded that his beliefs contradicted the law, but said that he had never acted on them or molested children. At the conclusion of his case, Mallory did not renew his motion for acquittal, and the jury convicted him.

## II. Discussion

On appeal, Mallory first argues that the district court erred by denying his motion for a mental evaluation because the magistrate judge's order was based on assessments from probation officers who were not licensed as doctors, psychiatrists, or psychologists.

"The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).[1] Federal Rule of Criminal Procedure 59(a), which became

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), we adopted as binding precedent all decisions of the Fifth Circuit handed down prior to October 1, 1981.

effective December 1, 2005, provides that, if the magistrate judge issues an order on a non-dispositive matter, a "party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record." Fed. R. Crim. P. 59(a). Furthermore, "[f]ailure to object in accordance with this rule waives a party's right to review." *Id.* Despite Rule 59(a)'s waiver language, we have continued to hold that a failure to object to a magistrate judge's order deprives us of jurisdiction to review that issue. *See United States v. Brown*, 441 F.3d 1330, 1352 n.9 (11th Cir. 2006) (applying *Renfro* "because the [new Rule 59(a)] rule is in complete accord with our own circuit case law, which clearly prohibits us from considering Brown's argument on appeal"). Because Mallory did not appeal the magistrate judge's order to the district court, we lack jurisdiction to review it.

Second, Mallory argues that the evidence was insufficient to support his conviction because the government failed to show that he knew the images and materials on his computer were child pornography or that he received this material over the internet.

A defendant's failure to renew his motion for a judgment of acquittal at the close of evidence forecloses any appellate review of the sufficiency of the evidence unless there has been a miscarriage of justice. *United States v. Bichsel*, 156 F.3d

4

1148, 1150-51 (11th Cir. 1998).  Because Mallory did not renew his motion for a judgment of acquittal at the close of all evidence, we will affirm Mallory's convictions unless the evidence "on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. Williams*, 144 F.3d 1397, 1402 (11th Cir. 1998).

Subsections 2252A(a)(5)(B) and (a)(2)(A) make it illegal for any person to knowingly possess or receive any child pornography that has been transported or produced "using any means or facility. . . in or affecting interstate or foreign commerce by any means, including by computer."  The government presented evidence that Mallory had been using peer-to-peer networks to search for suspicious material over the internet and that child pornography had been downloaded onto his hard drive.  Furthermore, the jury was entitled to discredit Mallory's testimony that he was not knowingly looking at child pornography and believe the opposite.  *See United States v. Brown*, 53 F.3d 312, 314-15 (11th Cir. 1995).  Finally, Mallory bolstered the government's case when he testified that his definition of child pornography was in conflict with the law.  Thus, Mallory's convictions were not "shocking," *Williams*, 144 F.3d at 1402, and are therefore **AFFIRMED.**